**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30103 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00103-SLG-1 |
| v. | |
| MICHAEL D. BRANDNER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted November 14, 2017
Pasadena, California

Before: KOZINSKI, HAWKINS, and PARKER,[**] Circuit Judges.

The District Court correctly denied Brandner's motion to suppress the

testimony of witness Joseph Saranello. The record established that Saranello was

not an attorney, that it would not have been reasonable for Brandner to believe that

Saranello was an attorney, and, consequently, that no attorney-client relationship

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

existed. The District Court also correctly concluded that, even if the attorney-client privilege applied, the privilege was overcome by the crime-fraud exception because there was "reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme." *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (citation and quotation marks omitted).

We see no merit in Brandner's argument that the District Court should have dismissed the indictment because Saranello purportedly perjured himself at the suppression hearing. The District Court correctly concluded that Saranello's testimony was not actually false and that the government did not knowingly present false testimony.

Further, we see no merit in Brandner's contention that the District Court erred in computing the applicable sentencing guidelines or imposed a substantively unreasonable sentence. The District Court correctly concluded that Brandner did not intend to return the funds he took to Central America and that he had moved them out of the United States in an attempt to conceal them from his wife and the Alaska court in which his divorce proceeding was pending. The District Court's ensuing guidelines calculations were correct.

Nor was Brandner's sentence substantively unreasonable. The District Court properly considered the 18 U.S.C. § 3553(a) factors. Although the District

Court calculated his guidelines range to be 87 to 108 months, the District Court sentenced Brandner to 48 months of imprisonment, a substantial downward variance.

We have considered Brandner's other arguments pertaining to, *inter alia*, jury instructions and the denial of a lengthy continuance of the second trial due to his first trial counsel's unavailability and find them either not preserved or meritless.

**AFFIRMED.**